**RIMAC MARTIN, P.C.**
Anna M. Martin – NSBN 7079
amartin@rimacmartin.com
1051 Divisadero Street
San Francisco, CA 94115
Telephone: (415) 561-8440
Facsimile: (415) 561-8430

Attorneys for Plaintiff
Unum Life Insurance Company of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ANNIE CARBAJAL, as an individual and as co-administrator of the Estate of Rose Mary Dominguez, Linda Robles, as an individual and as co-administrator of the Estate of Rose Mary Dominguez, and Esther Negrete, as the purported legal guardian of minor Shawna "Mary" Dominguez<br><br>                    Defendants. | Case No.: 2:16-cv-00053-GMN-VCF<br><br>**NOTICE OF MOTION AND MOTION FOR DISCHARGE OF STAKEHOLDER IN INTERPLEADER ACTION [FRCP 22 INTERPLEADER]** |

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

**TABLE OF CONTENTS**

I     INTERPLEADER IS PROPER BECAUSE THE JURISDICTIONAL REQUIREMENTS ARE SATISFIED AND THERE IS AN ACTUAL AND/OR POTENTIAL CONTROVERSY   7

II.   SINCE INTERPLEADER HAS BEEN ESTABLISHED, THE COURT MUST DISCHARGE THE DISINTERESTED PLAINTIFF ONCE PLAINTIFF DEPOSITS THE ENTIRE DISPUTED FUND WITH THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.  APPLYING NEVADA REVISED STATUTE 688A.410 TO ACCOUNT FOR INTEREST OWED, THE STAKE OR FUND IS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

IV    THE COURT SHOULD EXERCISE ITS DISCRETION AND AWARD REASONABLE ATTORNEY FEES TO UNUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

V.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*Abex Corp. v. Ski's Enterprises, Inc.,* 748 513, 516 (9th Cir. 1984) ......................................... 3, 11

4

*Allianz Life Ins. V. Agorio* (852 F.Supp. 2d 1163, 1166 (U.S.D.C. N.D. California 2012)  7, 10.11

5

*Libby, McNeil, & Libby v. City Nat'l Bank* (9th Cir. 1978) 592 F2d 504, 507) ............................ 7

6

*Mack v. Kuckenmeister* 619 F.3d 1010, 1023 (9th Cir. 2010) ...................................................... 10

7

*Minnesota Mutual Life Insurance Co. v. Ensley* 174 F.3d 977 (9th Cir. 1999).............................. 7

8

*Producer Pension Benefits Plans v. Tise*, 234 F.3d at 426-27...................................................... 11

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN
INTERPLEADER

Plaintiff Unum Life Insurance Company of America ("Unum") in the above-entitled interpleader action moves this Court as follows:

1. That pursuant to Federal Rule of Civil Procedure 22, Unum be discharged from further liability to any or all of the defendants named under the allegations of the complaint;

2. That Unum be discharged and relieved of further responsibility in said action and that defendants be permanently enjoined from the further assertion of claims relating to benefits under Group Insurance Plan No. 546864 002, except by interpleader and assertion of such claims in this action;

3. That Unum be awarded reasonable attorney fees and costs in the amount of $3,527.50 which will be deducted from the interpleaded fund to be deposited by Unum with the Court.

4. That pursuant to Federal Rule of Civil Procedure 22, Unum be allowed to deposit the interpleaded funds with the Court, less the award of reasonable attorney fees and costs;

5. That Unum be discharged from the responsibility to file a Discovery Plan/Scheduling Order as ordered by the Court on February 19, 2016.

### SATISFACTION OF JURISDICTIONAL REQUIREMENT

This Federal Rules of Civil Procedure Rule ("FRCP") 22 Interpleader action involves the disputed proceeds of a Group Life Insurance Policy issued by Plaintiff Unum to employees of Tenet Healthcare Corporation. The Insured is decedent Ms. Rosemary Dominguez, a former employee of Tenet Healthcare Corporation who resided at all times relevant in Henderson, Nevada.

Jurisdiction is established under FRCP 22 Interpleader. There is complete diversity between the Plaintiff-stakeholder Unum, a citizen of Maine, and defendants Annie Carbajal, a

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

resident of Clark County, Nevada, defendant Esther Negrete, also a resident of Clark County, Nevada, and Linda Robles, a resident of Arizona.  Jurisdiction is proper under FRCP 22 Interpleader because there is complete diversity between the stakeholder (citizen of Maine) and all claimants (citizens of Nevada and Arizona) and the amount in controversy (life insurance benefits in the amount of $385,000 plus applicable interest) exceeds $75,000.

By its express language, the Plan is an employee benefit plan which is governed by the laws of the Employee Retirement Income Security Act of 1974 (ERISA).   Therefore, jurisdiction is also proper in this Court pursuant to 28 U.S.C.A. § 1291 because this action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. § 1002.

The venue of Southern Division in the District Court of Nevada is proper because claimants-defendants Shawna "Mary" Dominguez and Annie Carbajal are residents of Clark County, Nevada, and a substantial part of the underlying events occurred in this venue, specifically this is the venue where the decedent-Insured lived, worked, and paid premiums on the Plan (Policy), and passed away on December 26, 2014.

### FACTS

On or about August 1, 2001, Unum issued Group Insurance Plan No.  546864 002 ("the Plan") to Tenet Healthcare Corporation ("Employer Company"). The Plan provides group life insurance coverage to eligible employees of Employer Company, and constitutes an insured employee welfare benefit plan governed by and subject to Title I of ERISA. Specifically, the Plan provides Employer Company employees with benefits that include basic life insurance and accidental death benefits. (See Declaration of Anna Martin ("Dec. of Martin) p. 2)

Unum also administers claims for the Plan at issue in this case. (Dec. of Martin p. 3).

Rose Mary Dominguez was an employee of Employer in Nevada and she was a participant in the Plan.  Rose Mary Dominguez applied for and was eligible for $50,000 in Basic Life Insurance benefits and $335,000 in Voluntary Life Insurance benefits.  (Dec. of Martin p. 4).

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

The Plan provides, in relevant part, with respect to beneficiaries of the life insurance benefits:

*CLAIM INFORMATION*

*LIFE INSURANCE*

. . .

*HOW TO YOU DESIGNATE OR CHANGE A BENEFICIARY*
*(Beneficiary Designation)*

. . .

*If you do not name a beneficiary, or if all named beneficiaries do not survive you, or if your named beneficiary is disqualified, your death benefit will be paid to the first surviving family members of the family members in the order listed below:*

- *Spouse;*
- *child or children;*
- *mother or father;*
- *sisters or brothers; or*
- *your estate*

. . .

Dec. of Martin p. 5, **Exhibit A**

At the time of the original inception of coverage under the Plan for the Insured Rose Mary Dominguez, there was <u>no</u> beneficiary designation made by Rose Mary Dominguez. (Dec. of Martin p. 6)

On May 28, 2014, Unum received a telephone call from a person who identified herself as Rose Mary Dominguez, and as part of Unum's protocol, this person confirmed her identity by providing her date of birth and social security number.   This telephone call was audio-recorded by Unum. (Dec. of Martin p. 7).

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

1    During the May 28, 2014 phone call, the person identifying herself as Rose Mary

2  Dominguez requested that minor Shawna "Mary" Dominguez be designated as the sole

3  beneficiary of her life insurance benefits in the event her death. (Dec. of Martin p. 8).

4    Upon information and belief, minor Shawna "Mary" Dominguez is the niece of the

5  Insured Rose Mary Dominguez. (Dec. of Martin p. 9).

6    On or about December 26, 2014, Rose Mary Dominguez died of natural causes in

7  Henderson, Nevada. (Dec. of Martin p. 10).

8    Upon information and belief, at the time of her death, Rose Mary Dominguez had no

9  spouse, no children, nor was she survived by her mother or father.  (Dec. of Martin p. 11).

10    On or about January 14, 2015, Defendant Esther Negrete, who claims to be the court-

11  appointed legal guardian of minor Shawna "Mary" Dominguez, made a claim to the life

12  insurance proceeds at issue on behalf of Shawna "Mary" Dominguez.  (Dec. of Martin p. 12).

13    Upon information and belief, Defendants Annie Carbajal and Linda Robles are the

14  biological sisters of the late Insured Rose Mary Dominguez.  (Dec. of Martin p. 13).

15    Upon information and belief, Defendants Annie Carbajal and Linda Robles listened to the

16  audio-recording of the telephone conversation on May 28, 2014 in which a person claiming to be

17  Rose Mary Dominguez contacted Unum and designated Shawna "Mary" Dominguez as

18  beneficiary under the Plan.  They allege that the designation of beneficiary at that time was done

19  fraudulently, by somebody other than Rose Mary Dominguez, and therefore is not valid. (Dec. of

20  Martin p. 14).

21    On or about April 7, 2015, Defendants Annie Carbajal and Linda Robles, as individuals

22  and as co-administrators of the Estate of Rose Mary Dominguez, made a claim to the life

23  insurance proceeds of the Plan at issue.  (Dec. of Martin p. 15).

24    According to Defendants Annie Carbajal and Linda Robles, Rose Mary Dominguez is

25  also survived by another biological sibling named Johnny Dominguez who would be entitled to a

26  share of the life insurance proceeds. (Dec. of Martin p. 16)

27

28

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN
INTERPLEADER

No other individual (named Johnny Dominguez or otherwise) other than Annie Carbajal and Linda Robles have made a claim to the life insurance proceeds of the Plan at issue. (Dec. of Martin p. 17).

Unum is unable to confirm the existence of Johnny Dominguez in pursuing a claim to the life insurance proceeds. (Dec. of Martin p. 18).

Defendants Annie Carbajal and Linda Robles have communicated that they understand and agree that, should the Court determine that the proceeds are to be distributed to the surviving sisters and/or brothers of the decedent, then their brother Johnny Dominguez would be entitled to an equal share of the proceeds in addition to Defendants Annie Carbajal and Linda Robles. (Dec. of Martin p. 19).

All defendants – Annie Carbajal, Linda Robles, and Esther Negrete- were served with summons and complaint in this matter. (Dec. of Martin p. 20).

As of the time of this filing, only defendant Annie Carbajal has filed a responsive pleading, doing so as a pro-se defendant. (Dec. of Martin p. 21).

In her answer to the complaint, pro-se defendant Annie Carbajal states in pertinent part:

> "*On the 28th of May 2014 in which a person claiming to be Rosemary*
> *Dominguez contacted UNUM and designated Shawna "Mary"*
> *Dominguez as beneficiary under the plan.  I Annie Carbajal believe*
> *the designation of the beneficiary at that time was done fraudulently*
> *by someone other than Rosemary Dominguez and therefore is not*
> *valid*." (See Page 2 of Answer to Complaint by Annie Carbajal)

(Dec. of Martin p. 22)

Counsel representing Unum has been in communication with Defendant Linda Robles after she was served with summons and complaint in order to determine whether she intends to participate in the Interpleader action.  She has repeatedly indicated that she is still pursuing her

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN
INTERPLEADER

claim and that she intends to file a responsive pleading and she will do so as a pro-se defendant like her sister Annie Carbajal. (Dec. of Martin p. 23).

Counsel representing Unum has been in communication with Defendant Esther Negrete after she was served with summons and complaint in order to determine whether she intends to participate in the Interpleader action.  In response to that inquiry, on March 4, 2016, Defendant Esther Negrete transmitted a written communication to counsel for Unum in which she communicated in pertinent part:

> Per our conversation earlier today, I wish to withdraw myself from proceeding the life insurance policy from my aunt Rosemary Dominguez.  I understand that this policy was left to Shawna Dominguez, which I am in disbelief that any other party feels entitled to the policy. But due to the continuance of harassment from the other party Annie Carbajal.  I wish to no longer continue with any further contact with that person.
>
> Shawna's well-being has and will continue to always be cared for by myself.  Nor has she wanted or had the need for anything in the last 2 years.  For the last 2 years I have been the only family Shawna has known, and no one eles (sp) has attempted to make any contact with her.  I have made sure she goes to school daily, eats 3 meals +, see's (sp) the dentist as well as attends church every Sunday.  I am and will always be fully capable of caring for her without assistance.  Yes, this was a hard decision, but due to the circumstances, I wish to no longer pursue.  Allow this email to be my withdrawal.
>
> I do thank you for your time, anything further that is needed please feel free to contact me.  Again thank you for your time.
>
> Esther Negrete.

(Dec. of Martin p. 24, **Exhibit B**)

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

In order to bring this Interpleader action, Plaintiff Unum has expended $3,527.50 in attorney fees and costs in order to prepare and file the complaint, obtain service of process on the claimants to the fund, and to prepare this motion requesting the Court to discharge Unum from liability and dismissing it from the action. (Dec. of Martin p. 25, **Exhibit C**.)

I      **INTERPLEADER IS PROPER BECAUSE THE JURISDICTIONAL REQUIREMENTS ARE SATISFIED AND THERE IS AN ACTUAL AND/OR POTENTIAL CONTROVERSY**

Interpleader is a procedure authorized by 28 USC § 1335 and FRCP 22, and governed by equitable principles.  It enables a person holding funds or property to which others are making conflicting claims to join them and require them to litigate who is entitled to the funds or property. (*Libby, McNeil, & Libby v. City Nat'l Bank* (9th Cir. 1978) 592 F2d 504, 507).

In determining whether to discharge a stakeholder in an interpleader action, the court must first assess whether the stakeholder has the right to interplead. See *Allianz Life Ins. V. Agorio* (852 F.Supp. 2d 1163, 1166 (U.S.D.C. N.D. California 2012).  The plaintiff must demonstrate that an interpleader is justified. *Id*.   In particular, the party who wishes to interplead must demonstrate that there are adverse, conflicting claims to the funds. *Id*; also see *Libby, McNeil & Libby* 592 F2d 504, 507 (9th Cir. 1978).  The Ninth Circuit has affirmed that interpleader jurisdiction is found where there are not only actual adverse claims to the property but also ***potential*** adverse claims to the property. (***emphasis added***) *Allianz* 852 F.Supp.2d 1163 at 1167; also see *Minnesota Mutual Life Insurance Co. v. Ensley* 174 F.3d 977 (9th Cir. 1999).

Applying the above-referenced caselaw, Unum has satisfied the requirements to bring an interpleader action pursuant to FRCP 22.  Jurisdiction is established because there is complete diversity between the stakeholder Unum, a citizen of Maine, and defendants Annie Carbajal, a citizen of Nevada, defendant Esther Negrete, also a citizen of Nevada, and Linda Robles, a

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

resident of Arizona.  Moreover, the amount in controversy requirement is satisfied because the insurance proceeds -$385,000 plus applicable interest- exceeds $75,000.

Unum has also demonstrated the existence of an **actual and/or potential adverse claim** to the proceeds at issue.  At the time of the original inception of coverage under the Plan for the Insured Rose Mary Dominguez, there was <u>no</u> beneficiary designation made by Rose Mary Dominguez. There is no dispute that, at the time of her death, the decedent-insured was unmarried, had no children, nor any surviving mother or father.  She was survived by Annie Carbajal and Linda Robles and, according to Annie Carbajal and Linda Robles, the decedent-insured was also survived by a third biological sibling, Johnny Dominguez.[1]

Therefore, based on the available facts and the applicable policy language, if there was no beneficiary designated, the proceeds would be distributed to surviving siblings which include Annie Carbajal and Linda Robles.  Assuming that Annie Carbajal and Linda Robles provide confirmation of the existence of a third biological sibling, Johnny Dominguez, he would be entitled to an equal third of the proceeds.

On May 28, 2014, Unum received a telephone call from a person who identified herself as Rose Mary Dominguez, and as part of Unum's protocol, this person confirmed her identity by providing her date of birth and social security number.   This telephone call was audio-recorded by Unum.  That person designated minor Shawna "Mary" Dominguez as the sole beneficiary of her life insurance benefits.

Subsequent to the death of the insured Rose Mary Dominguez, Defendant Esther Negrete, as purported legal guardian of minor Shawna "Mary" Dominguez, made a claim for benefits on

---

[1] Unum is unaware of Johnny Dominguez' interest, if any, in pursuing rights under the Plan. Unum is further unaware of Mr. Johnny Dominguez' correct contact information. Unum has not communicated with Mr. Dominguez at any time.  Neither Annie Carbajal nor Linda Robles have provided contact information regarding Johnny Dominguez to Unum.  According to Annie Carbajal and Linda Robles, they understand and agree that, assuming that Mr. Dominguez is the brother of the late-Insured, he would be entitled to an equal share of the proceeds if the proceeds were awarded to the siblings of the Insured.  Annie Carbajal and Linda Robles have indicated that they will ensure that Mr. Dominguez receives his correct share of the proceeds.

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

behalf of Shawna "Mary" Dominguez.  For reasons unclear to Unum, subsequent to being served with Summons and Complaint in this matter, Ms. Negrete has expressed that she does not wish to pursue benefits under the Policy on behalf of Shawna "Mary" Dominguez due to personal differences with Annie Carbajal. (See **Exhibit B** to Dec. of Martin)  Nevertheless, Esther Negrete continues to insist that Shawna "Mary" Dominguez was properly designated as the beneficiary under the Policy and is therefore entitled to all of the proceeds.

Defendants Annie Carbajal and Linda Robles allege that the designation of Shawna "Mary" Dominguez as beneficiary was a fraud, performed by somebody other than Rose Mary Dominguez.[2]  Annie Carbajal specifically asserts in her answer to the complaint that the beneficiary designation was a fraud.  Upon information and belief, Linda Robles agrees with this contention and she will reiterate this contention when she files a responsive pleading.

Since defendants Annie Carbajal and Linda Robles, on one hand, claim that they (and biological sibling Johnny Dominguez) are rightfully entitled to the insurance proceeds, and co-defendant Esther Negrete, on the other hand, asserts on behalf of minor Shawna "Mary" Dominguez that Shawna is properly entitled to benefits, an actual and/or potential controversy exists.  Unum has a good faith fear of multiple adverse and conflicting claims as to the Policy proceeds, which it merely desires to pay to the proper beneficiary or beneficiaries.  Defendants' claims are such that the Plaintiff is or may be exposed to multiple liabilities, rendering interpleader proper under FRCP 22.

---

[2] Defendants Annie Carbajal and Linda Robles listened to the recorded telephone conversation in which the person claiming to be Rose Mary Dominguez designated Shawna as the beneficiary, and they insist that it was not the voice of their late-sister Rose Mary Dominguez.  In her answer to the complaint, Annie Carbajal also alleges that Esther Negrete previously attempted to forge the will of Rose Mary Dominguez and that Esther Negrete improperly took funds from the bank account of Rose Mary Dominguez following her death.  See Court Docket No. 7.

- 9 -

**II.  SINCE INTERPLEADER HAS BEEN ESTABLISHED, THE COURT MUST DISCHARGE THE DISINTERESTED PLAINTIFF ONCE PLAINTIFF DEPOSITS THE ENTIRE DISPUTED FUND WITH THE COURT**

The Ninth Circuit has affirmed that once the court determines whether the requirements for FRCP 22 Interpleader have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund, the court may completely discharge that disinterested plaintiff from the litigation once that plaintiff deposits the entire disputed funds with the court. See *Mack v. Kuckenmeister* 619 F.3d 1010, 1023 (9th Cir. 2010); also see *Allianz Life Ins. Co. v Agorio* 852 F.Supp.2d 1163 at 1166.

As set forth above, Plaintiff Unum has set forth facts demonstrating that FRCP 22 Interpleader is proper.  It now requests that the Court issue an order allowing Unum to deposit the disputed funds with the court and affirm that Unum is discharged from further liability.

**III.  APPLYING NEVADA REVISED STATUTE 688A.410 TO ACCOUNT FOR INTEREST OWED, THE STAKE OR FUND IS $386,285.50.**

Nevada Revised Statute 688A.410 is entitled "Payment of life insurance proceeds; interest" and it states:

> *An insurer shall pay the proceeds of any benefits under a policy of life insurance not more than 30 days after the death of the insured.  If the proceeds are not paid within this period, the insurer shall pay interest on the proceeds, at a rate which is not less than the current rate of interest on death proceeds on deposit with the insurer, from the date of death of the insured to the date when the proceeds are paid.*

N.R.S. 688A.410

Applying the formula set forth in Nevada Revised Statute 688A.410, Unum is obligated to pay interest on the proceeds of $385,000 at a rate of .25% which is the current rate of interest

- 10 -

on death proceeds on deposit with Unum.  This rate will be calculated from the date of death of Rosemary Dominguez- December 26, 2014 through April 5, 2016. Therefore, the interest shall be paid in the amount of $1,285.50.  Therefore, the stake or fund to be interpleaded (before reduction of award of attorney fees) is $386,285.50.

## IV    THE COURT SHOULD EXERCISE ITS DISCRETION AND AWARD REASONABLE ATTORNEY FEES TO UNUM

Generally, courts have discretion to award attorney fees to a disinterested stakeholder in an interpleader action.  *Abex Corp. v. Ski's Enterprises, Inc.,* 748 513, 516 (9th Cir. 1984); also see *Allianz* at 852 F.Supp.1163, 1166.  Recoverable fees are appropriately limited to such actions as "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action. *Trustees of Directors Guild of America – Producer Pension Benefits Plans v. Tise*, 234 F.3d at 426-27.  As set forth in the Declaration of Anna Martin and related attachments (**Exhibit C** to Dec. of Martin), Unum has expended $3,527.50 in attorney fees and related costs in order to prepare the complaint, obtain service of process of the summons and complaint on the claimants to the fund, communicate with the claimants regarding their intention to participate in the interpleader action, and to prepare this motion requesting Unum's discharge from liability and dismissal from the action.

For reasons discussed herein, Unum hereby requests that the Court award Unum attorney fees, to be deducted by Unum from the "stake" or fund to be interpleaded before Unum deposits the stake with the Court.

## V.    CONCLUSION

For reasons set forth above, Plaintiff Unum moves this Court as follows:

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

1. That pursuant to Federal Rule of Civil Procedure 22, Unum be discharged from further liability to any or all of the defendants named under the allegations of the complaint;

2. That Unum be discharged and relieved of further responsibility in said action and that defendants be permanently enjoined from the further assertion of claims relating to benefits under Group Insurance Plan No. 546864 002, except by interpleader and assertion of such claims in this action;

3. That, pursuant to Federal Rule of Civil Procedure 22 and related caselaw, Unum be awarded reasonable attorney fees and costs in the amount of $3,527.50.

4. That pursuant to Federal Rule of Civil Procedure 22, Unum be allowed to deposit the interpleaded funds with the Court in the amount of $382,758.  This amount represents the benefits owed -$385,000- plus applicable statutory interest under N.R.S. 688.410A in the amount of $1,285.50, and then less an award of reasonable attorney fees and costs in the amount of $3,527.50; and

5. That Unum be discharged from the responsibility to file a Discovery Plan/Scheduling Order as ordered by the Court on February 19, 2016.


DATED:  April 5, 2016                    By:    */s/ Anna M. Martin*
                                                ANNA M. MARTIN

                                                Attorneys for Plaintiff
                                                UNUM LIFE INSURANCE COMPANY OF
                                                AMERICA

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

## CERTIFICATE OF SERVICE

### UNITED STATES DISTRICT COURT

I am employed in the County of San Francisco..  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 1051 Divisadero Street, San Francisco, CA 94115.

On April 5, 2016 I served the foregoing document(s) described as *UNUM'S MOTION FOR DISCHARGE IN INTERPLEADER.* on the interested party(ies) in this action as follows:

*See Attached Service List*

(x)     **BY MAIL:**  By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in San Francisco, California, in a sealed envelope with postage fully prepaid.

( )     **BY OVERNIGHT DELIVERY**:  I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed as noted below.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

( )     **BY FACSIMILE:**  Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below.  The telephone number of the sending fax machine was 415.561.8430.  The sending facsimile machine issued a transmission report confirming the transmission was complete and without error.  A copy of that report is attached.

( )     **BY MESSENGER SERVICE:**  I served the documents by placing them in an envelope or package addressed to the person(s) at the address(es) listed above, and providing them to a professional messenger service for service.

( )     **BY E-MAIL:**  Based on an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed below.

(x)     **BY PERSONAL SERVICE:**  I caused the document(s) to be hand delivered to the persons listed below.

( )     **STATE**:  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

(x)     **FEDERAL**:  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on April 5, 2016 in San Francisco, California.


_____

Denise Jackson

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN INTERPLEADER

1

**SERVICE LIST**

2

| Annie Carbajal<br>238 Tungsten Street<br>Henderson, NV 89015<br>702-426-0316<br>**Defendant** | Esther Negrete<br>2050 S. Magic Way #48<br>Henderson, NV 89002<br>Phone: (415) 990-7224<br>**Defendant** |
|---|---|
| Linda Robles<br>2607 N. 36th St., Apt. J2<br>Phoenix, Arizona 85008.<br>602-334-1400<br>**Defendant** | |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STAKEHOLDER UNUM'S NOTICE OF MOTION AND MOTION FOR DISCHARGE IN
INTERPLEADER