# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>                Plaintiff,<br>vs.<br><br>LINDA ROBLES, as an individual and as co-administrator of the Estate of Rose Mary Dominguez; ANNIE CARBAJAL, as an individual and as co-administrator of the Estate of Rose Mary Dominguez; and ESTHER NEGRETE, as the purported legal guardian of minor Shawna "Mary" Dominguez,<br><br>                Defendants. | 2:16-cv-00053-GMN-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: INTERPLEADER AND ATTORNEY'S FEES (ECF NO. 12) |

      This matter involves Unum Life Insurance Company of America's ("Unum") interpleader action against Linda Robles, Annie Carbajal, and Esther Negrete. (ECF No. 1). Before the court are Unum's Motion for Discharge of Unum in Interpleader Action (ECF No. 12) and Motion for a Hearing (ECF No. 15). A hearing was held on July 15, 2016. The court confirmed that Defendants Robles and Carbajal do not oppose Unum's discharge (*See* ECF No. 14).

      Unum's complaint seeks declaratory relief based on conflicting claims to insurance proceeds. On or about August 1, 2001, Rose Mary Dominguez obtained a life insurance policy from Unum. (Pl. Compl. (ECF No. 1) at 3:5). On May 28, 2014, Unum received a call from someone identifying herself as Rose Mary Dominguez. (*Id*. at 4:8). She requested that minor Shawna "Mary" Dominguez, her niece, be designated as beneficiary on her policy. (*Id.*) On or about December 26, 2014, Rose died of natural

causes. (*Id*. at 4:18). Now Rose's biological sisters, Linda Robles and Annie Carbajal, and Esther Negrete, as the purported guardian of minor Shawna, all claim to be the primary beneficiary of the policy's proceeds, which amount to $385,000.000 plus interest. (*Id*. at 5:19).

On July 15, 2016, the court held a hearing. Present at the hearing were Defendants Linda Robles (by telephone) and Annie Carbajal, and counsel for Unum (by telephone). Esther Negrete was not present and has shown interest in removing herself as an interested party. (Pl. Mtn. for Discharge (ECF No. 12) at 6:8). During the hearing, the court determined Unum's Motion for Discharge of Unum in Interpleader Action (ECF No. 12) should be granted because it is unopposed and supported by the record. The court also recommends that Unum be allowed to deposit with the court the total benefit under the policy of $385,000.00 plus applicable interest, less attorney's fees of $2,000.00. No party present objected to the attorney's fees. A status check hearing is scheduled for October 14, 2016, at 10 a.m. (courtroom TBD).

ACCORDINGLY,

IT IS RECOMMENDED that, not later than 30 days after this Report and Recommendation is adapted, Unum must deposit with the Clerk of the Court $385,000.00, plus applicable interest accruing from the date of the Decedent's Death, December 26, 2014, through May 20, 2016, less $2,000.00 reasonable attorney's fees.

IT IS FURTHER RECOMMENDED that upon the deposit of these funds, Unum will be discharged from any and all liability as to the death benefit that is the subject matter of this interpleader and will be dismissed from this case with prejudice.

IT IS FURTHER RECOMMENDED that upon the deposit of these funds, defendants, their attorneys, agents and other persons who are in active concert or participation with them will be enjoined from commencing or prosecuting any action against Unum regarding the death benefits that are the subject matter of this interpleader action, in any federal or state court.

# NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 15th day of July, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE